UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DUANE ROBERSON,<br><br>   Plaintiff,<br><br>   vs.<br><br>ST. ANTHONY FOUNDATION,<br><br>   Defendant. | Case No: C 10-4576 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Dkt. 26 |

Plaintiff, Duane Roberson ("Plaintiff"), filed the instant *pro se* employment discrimination action against his former employer, St. Anthony Foundation, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The parties are presently before the Court on Defendant's Motion to Dismiss Plaintiff Duane D. Roberson's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 26. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

Plaintiff commenced this action on October 8, 2010, by filing a form Employment Discrimination Complaint, and a request to proceed in forma pauperis ("IFP"). Dkt. 1, 3. In his Complaint, Plaintiff alleged Title VII claims based on race discrimination, hostile work environment and retaliation. Compl. at 1-2, Dkt. 1. Plaintiff indicated that he "received" a right-to-sue letter from the Equal Employment Opportunity Commission

1 ("EEOC") on July 8, 2010. Id. at 3.[1] He attached a copy of the right-to-sue letter to the
2 Complaint which shows that the letter was "mailed" on July 8, 2010. Id. at 4.

3 On November 2, 2010, the Court granted Plaintiff's request to proceed IFP, but
4 dismissed his Complaint with leave to amend due to the insufficiency of the allegations.
5 Dkt. 9. Plaintiff filed a First Amended Complaint on November 22, 2010. Dkt. 10.
6 Thereafter, Plaintiff filed a motion for leave to file a Second Amended Complaint, which
7 the Court granted on March 16, 2011. Dkt. 18. In the same order, the Court ordered
8 service on Defendant. Id. As before, Plaintiff utilized a form Employment Discrimination
9 Complaint and alleged that the discriminatory conduct took place on October 19, 2008, and
10 that he received his EEOC right-to-sue letter on July 8, 2010. Id. at 3.

11 On April 28, 2011, Defendant filed the instant motion to dismiss on the ground that
12 Plaintiff failed to commence the instant action within ninety days of receiving his right-to-
13 sue letter from the EEOC. Plaintiff filed an opposition to the motion and Defendant has
14 filed a reply. The matter has been fully briefed and is ripe for adjudication.

15 **II.   LEGAL STANDARD**

16 A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the
17 plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support
18 a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
19 1990). In deciding a Rule 12(b)(6) motion, the court generally "consider only allegations
20 contained in the pleadings, exhibits attached to the complaint, and matters properly subject
21 to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The court is
22 to "accept all factual allegations in the complaint as true and construe the pleadings in the
23 light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of
24 Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The allegations must "give the
25 defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl.

---

[1] The Complaint is a "fill-in-the-blank" form. Paragraph 9 of the form states: "The Equal Employment Opportunity Commission issued a Right-of-Right-to-Sue letter (copy attached), which was received by me on or about _____." Dkt. 1. Plaintiff handwrote "7/8/2010" in the blank space.

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted). In evaluating the pleadings, the Court must be mindful that a pro se plaintiff's allegations must be liberally construed. Balistreri, 901 F.2d at 699. Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.   DISCUSSION

A plaintiff intending to pursue a Title VII lawsuit must do so within ninety days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e5(f)(1); Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). This ninety-day period acts as a statute of limitations. Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992). Title VII claims filed beyond the ninety-day limitations period are subject to dismissal. Mann, 324 F.3d at 1090. However, a claim may be dismissed under Rule 12(b)(6) on statute of limitations grounds only when "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006).

Here, Plaintiff alleges in his Second Amended Complaint, as he did in his prior form complaints, that he "received" his right-to-sue letter from the EEOC on July 8, 2010. If true, Plaintiff had until October 6, 2010, which is ninety days after July 8, 2010, to file his lawsuit. See 42 U.S.C. § 2000e5(f)(1). Defendants argue that since Plaintiff did not file suit until October 8, 2010, his complaint is untimely. In response, however, Plaintiff contends that he mistakenly entered July 8, 2010, in the blank space on the form complaint as the date he received the right-to-sue letter, and that the letter, in fact, was *mailed* by the EEOC on July 8, 2010. Pl.'s Opp'n at 2, Dkt. 27.[2] He further argues that under Federal

---

[2] The Court may properly consider the EEOC right-to-sue letter, which was attached to the original Complaint and is referenced in the Second Amended Complaint. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); Dunn v. Castro, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged).

Rule of Civil Procedure 6(e)—now renumbered as Rule 6(d)—he is entitled to an additional three days to file his lawsuit, and therefore, his filing on October 10, 2010, is timely. Id.[3]

The Ninth Circuit has expressly held that under former Rule 6(e), an EEOC right-to-sue letter is presumed to have been *received* three days after mailing. Payan v. Aramark Mgmt. Servs. Ltd. Partnership, 495 F.3d 1119, 1124 (9th Cir. 2007). Applying that rule here, Plaintiff presumptively received his right-to-sue letter on July 11, 2010, which is three days after the July 8, 2010 mailing date. Because the ninetieth day following July 11, 2010, fell on Saturday, October 9, 2010, Plaintiff's deadline to file suit was extended to October 11, 2010. See Fed. R. Civ. P. 6(a)(1)(C) (extending deadline falling on a weekend or holiday to the next day that is not a weekend or holiday). As such, Plaintiff's commencement of this action on October 8, 2010, is timely.

Notably, Defendant fails to address Plaintiff's contentions that the EEOC's right-to-sue letter itself indicates that it was "mailed" on July 8, 2010, and that Rule 6(d) extends his limitations period by three days. Nor does Defendant discuss the Ninth Circuit's decision in Payan, which is directly on point. In any event, given liberal construction to which pro se pleadings are entitled, coupled with the fact that the EEOC letter indicates that it was mailed on July 8, 2010, the Court cannot conclude at this stage of the proceedings that Plaintiff's claims are time-barred. Von Saher v. Norton Simon Musuem of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) ("a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

---

[3] Rule 6(d) specifies that "[w]hen a party may or must act within a specified time after service and service is made …., 3 days are added after the period would otherwise expire…." Fed. R. Civ. P. 6(d).

IV. <u>**CONCLUSION**</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is DENIED.

2. The hearing scheduled for July 26, 2011, is VACATED.

3. The Case Management Conference scheduled for July 26, 2011 is CONTINUED to **October 26, 2011 at 2:30 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare an updated joint Case Management Conference Statement. Defendant is responsible for filing joint statement no less than seven (7) days prior to the conference date. The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Defendant is responsible for setting up the conference call. On the specified date and time, Defendant shall call (510) 637-3559 with all parties on the line.

4. Within fourteen (14) days of the date this Order is filed, the parties shall complete their initial disclosures in accordance with Federal Rule of Civil Procedure 26, file an ADR Certification signed by the parties and counsel, and file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference.

5. This Order terminates Docket 26.

IT IS SO ORDERED.

Dated: July 15, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DUANE ROBERSON,

      Plaintiff,

  v.

ST. ANTHONY FOUNDATION et al,

      Defendant.
_____/

Case Number: CV10-04576 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Duane Roberson
1912 Ward Street
Berkeley, CA 94703

Dated: July 18, 2011
                                      Richard W. Wieking, Clerk

                                                By: LISA R CLARK, Deputy Clerk